# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DANIEL GARLINGER,**

       **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**Case No. 2:17-CV-00156-EAS**
**CHIEF JUDGE EDMUND A. SARGUS**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's Motion to Dismiss (Doc. 11). For the following reasons, the Court **RECOMMENDS GRANTING** the Motion and **DISMISSING** this case with prejudice.

### I. BACKGROUND

Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his application for disability benefits. (Doc. 3). The Commissioner has moved to dismiss Plaintiff's Complaint as time-barred. (Doc. 11). The Commissioner served her Motion on Plaintiff at the address he provided in his Complaint. (Doc. 11 at 6; *see also* Doc. 1-1). Plaintiff did not respond to the Commissioner's Motion. Although the Commissioner attached an affidavit to her Motion, the Court does not rely on it to reach its decision.

As part of his Complaint, Plaintiff included the Notice of Appeals Council Action (the "Notice") that he received. (Doc. 3-1 at 3–7). The Notice was dated December 14, 2016, and states:

Time To File a Civil Action

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this Letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

- You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(*Id.* at 5).

Plaintiff has not alleged in his Complaint or otherwise informed the Court that he requested additional time from the Appeals Council or that he received the Notice more than five days after December 14, 2016.

## II. DISCUSSION

The Commissioner argues that Plaintiff missed his deadline to bring this case, and, consequently, this case should be dismissed. (*See generally* Doc. 11). The Commissioner has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Motion presents a single dispositive issue: whether Plaintiff's Complaint is time-barred.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive method of obtaining review of a final decision of the Agency. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ."). The first sentence of 42 U.S.C. § 405(g) provides the time limitation for commencing a civil action. It states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Supreme Court has noted that the 60-day statute of limitations provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Further, the United States Court of Appeals for the Sixth Circuit has made clear that strict adherence to this filing requirement is necessary to ensure the efficient disposition of social security appeals. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). Indeed, in *Cook*, the Sixth Circuit held that a one-day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id. See also Marthey v. Comm'r of Soc. Sec.*, Case No. 12-cv-2759, 2013 U.S. Dist. LEXIS 145448 (N.D. Ohio 2013) (dismissing social security complaint that was one day late); *Winkleman v. Comm'r of SSA*, No. 11-cv-1926, 2012 U.S. Dist. LEXIS 67467 (N.D. Ohio 2012) (same).

Here, Plaintiff missed his deadline by five days. "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook*, 480 F.3d at 436. Put a simpler way, a claimant has 65 days to appeal. Applied here, Plaintiff needed to file his case by February 17, 2017 because the Notice was dated December 14, 2016. Plaintiff filed his case on February 22, 2017, five days too late. (*See generally* Docs. 1, 3).

Finally, there are no facts before the Court demonstrating that Plaintiff had good cause for failing to file his Complaint timely. *See* 20 C.F.R. §§ 404.911(b), 416.1411(b). Indeed, Plaintiff has made no effort to explain his delay to this Court, and his time for responding to the Commissioner's Motion to Dismiss has passed. *See* Local Rule 7.2(a)(2).

III. **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS GRANTING** the Motion to Dismiss (Doc. 11) and **DISMISSING** this case with prejudice.

IV. **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: May 22, 2017

                                          <u>/s/Kimberly A. Jolson</u>
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE