IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL GARLINGER,

Plaintiff,

Case No. 2:17-cv-156
Chief Judge Edmund A. Sargus, Jr.
v.                                    Magistrate Judge Kimberly A. Jolson

COMMISIONER OF SOCIAL SECURITY,

Defendant.

## ORDER

This matter is before the Court for consideration of Plaintiff's Objection (ECF No. 13) to
the Magistrate Judge's May 22, 2017 Report and Recommendation (Rep. & Rec., ECF No. 12).
Plaintiff is proceeding *pro se*, the Court having granted his motion to proceed *in forma pauperis*
(ECF No. 2, Rep. & Rec., ECF No. 12). The Magistrate Judge has recommended that this case
be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon
which relief may be granted. The Court has reviewed this matter *de novo*, including the
arguments presented in Plaintiff's Objection to the Magistrate Judge's Report and
Recommendation, which were not before the Magistrate Judge, and upon consideration of this
new information, sustains Plaintiff's Objection. (ECF No. 13.)

## I.

The Magistrate Judge provided a thorough analysis of the law, and recommended that the
suit be dismissed as time-barred. As explained in the Magistrate Judge's Report and
Recommendation, "Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the
exclusive method of obtaining review of a final decision of the Agency. *See* 42 U.S.C. § 405(h)

("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . .")." (Rep. & Rec., ECF No. 12, at p. 2.) The first sentence of 42 U.S.C. § 405(g) provides the time limitation for commencing a civil action. It states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Agency's regulation implementing this section of the Act provides:

> *Time for instituting civil action.* Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

In addition, 20 C.F.R. § 404.981, entitled "Effect of Appeals Council decision or denial of review" states in relevant part, "[y]ou may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action." In other words, a claimant must file a civil action in federal district court within 60 days after receiving the Appeals Council's notice. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.981, 422.210(c). Defendant also offered the declaration of Ms. Roxie Rasey Nicoll, Chief of Court Case Preparation and Review, Branch 3, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, who affirmed that the Appeals Council also acts on requests for an extension of the period of time to file a civil

action as specified in 42 U.S.C. § 405(g) and in 20 C.F.R. 422.210, and there is no record of Plaintiff filing a request for such an extension of time. (ECF No. 11-1, at p. 4.) Additionally, the Appeals Council's Notice itself indicated that, upon a showing of good cause, it would extend the time for filing an action in federal district court. Thus, it is clear that extensions of time may be appropriate in certain instances, and Plaintiff did not file a request for an extension of time with the Appeals Council. Although Defendant asserts that there are no circumstances in this case that justify extending the statute of limitations beyond 60 days (ECF No. 11, at p. 4), in this instance, the Court considers Plaintiff's assertions in his Objection to the Magistrate Judge's Report and Recommendation in light of the remedial purpose of the statute.

## II.

The Supreme Court construed 42 U.S.C. § 405(g) in *Bowen v. City of New York*, 476 U.S. 467, 480 (1986), and determined that equitable tolling of the 60-day limitation period is consistent with Congress' intent in enacting the statute.

> The statute of limitations we construe in this case is contained in a statute that Congress designed to be "unusually protective" of claimants. *Heckler v. Day,* 467 U.S., at 106, 104 S.Ct., at 2251. Moreover, Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases. While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Eldridge,* 424 U.S., at 330, 96 S.Ct., at 900. As in *Honda v. Clark,* we conclude that application of a "traditional equitable tolling principle" to the 60-day requirement of § 405(g) is fully "consistent with the overall congressional purpose" and is "nowhere eschewed by Congress." 386 U.S., at 501, 87 S.Ct., at 1197. We conclude, moreover, that on these facts the equities in favor of tolling are compelling.

*Id*. Thus, there is a "little bend to the rules," and "[i]n some cases, a litigant might present a convincing reason to toll – *i.e.*, delay – a statute of limitations. If tolling applies, then a complaint need not be dismissed simply because it is untimely under the original deadline."

*Salyer v. Colvin*, Civ. No. 16-60, 2016 WL 6990765, *2 (E.D. Ky. Nov. 28, 2016). The *Salyer*

Court noted that the Sixth Circuit, in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir.

2007), considered five factors in determining the appropriateness of applying equitable tolling in

a Social Security case. The Sixth Circuit has applied the following five factors: (1) the

petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of

constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4)

absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining

ignorant of the legal requirement for filing his claim. *See Dunlap v. United States*, 250 F.3d

1001, 1008 (6th Cir. 2001), *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d

745 (6th Cir. 2011). However, as the *Salyer* Court explained, this test was "plucked from its

habeas precedents." *Salyer*, 2016 WL 6990765, *2. Since *Cook* was decided, the Supreme

Court has made a new test the law for habeas tolling cases, and the test "has two elements, both

of which a tardy litigant must satisfy before a court will use its equitable-tolling power." *Id.*,

citing *Holland v. Florida*, 560 U.S. 631, 649 (2010).

> The Court must consider, first, whether the litigant has "been pursuing his rights
> diligently," and second, whether "some extraordinary circumstance" prevented
> him from filing on time. *Menominee Indian Tribe of Wis. v. United States*, 136
> S.Ct. 750, 755 (2016)(quoting *Holland*, 560 U.S. at 659). And not just any old
> extraordinary circumstance, either. The circumstance must have been "both
> extraordinary *and* beyond [the litigant's] control." *Id.* at 756.

*Id.*

The Sixth Circuit has applied this new test in habeas cases, but neither the Supreme Court

nor the Sixth Circuit has yet decided whether the two-part tolling test applies to Section 405(g)

specifically. *See Salyer*, 2016 WL 6990765, *3.[1] Under either test, the focus of the inquiry in

---

[1] Since *Salyer* was decided, the Sixth Circuit has declined to adopt the *Holland* test for
state law claims, explaining in *Zappone v. United States*, 870 F.3d 551, 557 (6th Cir. 2017), "the
Supreme Court has never expressly adopted the *Holland* test outside of the habeas context, *see*

4

the case at bar is on whether Plaintiff pursued his rights diligently. As the *Salyer* Court explained, in the tolling context, the diligence requirement "exists to ensure that courts will not equitably toll a statute of limitations for a litigant who failed to comply with the statute through mere 'negligence.'" *Id.*

### III.

In the case at bar, the Appeals Council's Notice was dated December 14, 2016. *See* Exhibit 8 to Attachment A. Thus, to be considered timely, Plaintiff was required to file a civil action on or before February 17, 2017. Plaintiff, however, did not file his civil action until five days later, on February 22, 2017. (*See* ECF Nos. 1 & 3).

In his Objection, Plaintiff presents 36 pages of exhibits, and asserts extenuating circumstances surrounding his attempt to properly file his civil action. (ECF Nos. 13-1 through 13-4.) First, Plaintiff asserts that on approximately January 27, 2017, he received a letter from his attorney informing him that the law firm, while disappointed in the Agency's decision, would not represent him in an appeal of the Appeals Council's decision of December 14, 2016, and informing Plaintiff that he had sixty days from December 14, 2016 (more than forty days of which had already elapsed) to obtain new counsel or represent himself *pro se*. (ECF No. 13-1, at p. 2). Second, and most importantly, Plaintiff asserts that he did attempt to timely file his Complaint by the February 17, 2017 deadline. (ECF No. 13-1, Exh. 2, at p. 3.) He asserts that he arrived at the Court at 4:10 p.m. on February 17, 2017, and was told the Clerk's office was closed. He explained that the traffic was heavy, and

---

*Menominee Indian Tribe*, 136 S.Ct. at 756 n.2, and because this court has previously applied the five-factor approach in FTCA suits, *see Jackson*, 751 F.3d at 719, the law-of-the-circuit doctrine precludes us from supplanting that approach to embrace a new equitable-tolling standard for FTCA cases (or, potentially, for other types of non-habeas civil cases)."

> [d]ue to traffic and construction it took a lot longer to get to the courthouse than
> anticipated. The only disability parking is about a block and a half from the
> wheelchair ramp, Being disable[d] it took a long time to get from the parking to
> the disability friendly entrance, and I got to the doo[r] less than 10-min after 4pm,
> but was denied entry by the security guards to the building. When I returned
> home I attempted to notify the court via email about being denied access to the
> building[.] Due to the court being closed for the holiday, and a medical procedure,
> I was unable to return until Wednesday.

(ECF No. 13, at p. 4.) Plaintiff asserts that he sent an email at 6:17 p.m. to the Clerk's office on

Friday, February 17, 2017, explaining what happened. He received an email response at 8:42

a.m. on Monday morning, February 20, 2017, explaining that the Clerk's office closes at 4:00

p.m., advising that the office was closed on Monday, February 20th, 2017, for a Federal Holiday,

and advising Plaintiff that he would be assisted if he came in on Tuesday, February 21, 2017.

(ECF No. 13-1, at p. 3.) However, Plaintiff asserts that he had a medical procedure "with Dr.

Batara at Spine LLC for Transforaminal Epidural Steroid Injection with sedation" on Tuesday,

February 21st, and was ordered not to operate a vehicle that day. Therefore, he asserts that he

returned to the Clerk's office and filed his suit on the next possible day, Wednesday, February

22, 2017. (ECF No. 13, at p. 6.)

## IV.

In applying the five-factor test, the Court notes that factors 1, 2, and 5 (lack of [actual]

notice of the filing requirement; lack of constructive knowledge of the filing requirement; and

reasonableness in remaining ignorant of the legal requirement for filing his claim) are not

determinative in the case at bar. Rather, factors 3 and 4, diligence in pursuing one's rights, and

absence of prejudice to the respondent, are the most relevant factors to the analysis. The Court

weighs Plaintiff's diligence based on the information provided in Plaintiff's Objection, and

considers his receipt of notification of his loss of the assistance of his counsel more than forty

days through the sixty-day filing time period, Plaintiff's asserted on-going medical conditions

and treatments, his attempt to timely file, and the lack of any demonstrated prejudice to the Agency, and determines that, in light of the "unusually protective" nature of the statue, the circumstances in the instant case warrant equitable tolling under the five-part (or two-part) test.[2] *See generally, Bowen v. City of New York,* 476 U.S. 467, 479-81 (1986).

For the reasons discussed in this Opinion, the Court **SUSTAINS** Plaintiff's Objection (ECF No 13) to the Magistrate Judge's May 22, 2017 Report and Recommendation (ECF No. 12). Defendant's Motion to Dismiss (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

12-8-2017
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

_____

[2] "But since the 'propriety of equitable tolling must necessarily be determined on a case-by-case basis,' *Truitt*, 148 F.3d at 648 (citation omitted), both standards can inform our evaluation of the Zappones' circumstances here." *Zappone v. United States*, 870 F.3d at 557.